UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI,
WESTERN DIVISION

MISSION PRIMARY CARE CLINIC, PLLC                          PLAINTIFF

VERSUS                         CIVIL ACTION NO. 5:07cv162-DCB-JMR

DIRECTOR, INTERNAL REVENUE SERVICE,
VICKSBURG PRIMARY CARE TEAM, INC.,
and MARKUS B. STANLEY                                      DEFENDANTS

## MEMORANDUM ORDER

This matter comes before the Court on the plaintiff's Motion to Voluntarily Dismiss Complaint for Interpleader [**docket entry no. 14**], defendants Vicksburg Primary Care Team, Inc.'s and Markus B. Stanley's Motion for Summary Judgment [**docket entry no. 19**], and the plaintiff's Motion to Suspend Time for Filing Response to Motion for Summary Judgment [**docket entry no. 21**].  Having carefully considered the Motions and Responses thereto, all applicable statutory and case law, and being otherwise fully advised in the premises, the Court finds and orders as follows:

### I. BACKGROUND & PROCEDURAL HISTORY

At all times relevant to this action, Mission Primary Care Clinic, PLLC ("Mission"), plaintiff herein, was a professional limited liability company organized under the laws of Mississippi and engaged in the business of providing medical care services. Part of Mission's function was to collect fees for such services charged by its constituent members and to remit the same, less

operating expenses, to said members.  Defendant Markus B. Stanley, a citizen of Mississippi, was a licensed physician in the state of Mississippi who provided medical services as one of Mission's members.  Stanley was also the president of defendant Vicksburg Primary Care Team, Inc. ("VPCT"), a Mississippi corporation.

On March 19, 2007, the Internal Revenue Service[1] ("IRS"), also a defendant in this action, issued a Notice of Levy of Wages, Salary, and Other Income ("Notice of Levy") to Mission as against Stanley, the taxpayer named therein.  On June 1, 2007, Stanley sent a letter to the IRS in which he claimed that a substantial portion of the income purportedly levied by the Notice of Levy was exempt from levy under the Internal Revenue Code.  On June 15, 2007, Stanley sent a letter to Mission asserting several objections and defenses to the levy and demanding payment of all funds due him by Mission for services rendered after March 19, 2007.  In particular, Stanley posited that, absent additional notices of levy, Mission could not rightfully withhold money owed to him for services rendered post-March 19, 2007.

During July 2007, Mission collected $9318.00 which was due to

_____

[1] According to the United States's Answer and Counterclaim [docket entry no. 6], the Director of the IRS has been improperly named as a defendant in this cause and the United States is the correct party defendant.  While the Court believes such information to be accurate, except as where otherwise noted it will refer to the United States by the appellation of its relevant agency, the IRS, so as to minimize confusion and enhance the readability of this Memorandum Order.

be distributed to VPCT and/or Stanley.  After remitting $6012.50 to VPCT based upon a Statement of Exemption and Filing Status provided by Stanley, Mission filed its Complaint for Interpleader [docket entry no. 1] on August 17, 2007, invoking this Court's subject matter jurisdiction pursuant to 28 U.S.C. § 1331.   In its Complaint, the plaintiff avers that, contrary to the June 15, 2007, letter from Stanley, the IRS "has continuously demanded that plaintiff deliver to the [IRS] all distributions to which [VPCT] and/or [Stanley] would have been entitled since the date of said levy based on the medical services provided by [Stanley], less exemptions allowed by law and as approved by the IRS."  (Compl. ¶ 10.)  Thus while admitting that it has no interest in the funds to be interpleaded, Mission seeks to avoid the liability it might incur if it pays the wrong party the balance which is currently being held for distribution or any funds which may become available for distribution in the future.  (Compl. ¶ 12.)

     Stanley and VPCT filed their Answer and Defenses [docket entry no. 5] on October 17, 2007.  On October 19, 2007, the IRS filed its Answer [docket entry no. 6] and, invoking this Court's subject matter jurisdiction pursuant to 28 U.S.C. §§ 1340 and 1345 and 26 U.S.C. § 7402(a), asserted a counterclaim against Mission.  The IRS's counterclaim posits that the plaintiff is liable pursuant to 26 U.S.C. § 6332(d)(1) for its purported failure to honor the Notice of Levy and to collect the levied funds.  The IRS contends

that Mission owes the United States of America for payments it made to Stanley and/or VPCT after the March 19, 2007, Notice of Levy was issued.   According to the IRS, the amount for which Mission is liable is $63,012.50 plus interest and costs, in addition to any other payments Mission might have made to Stanley and/or VPCT.   On November 8, 2007, Mission filed an Answer [docket entry no. 8] to the counterclaim and asserted a cross-claim against Stanley and VPCT for indemnity.   Stanley and VPCT submitted an Answer [docket entry no. 9] to Mission's cross-claim on November 28, 2007.

On December 21, 2007, the plaintiff filed its Motion to Voluntarily Dismiss Complaint for Interpleader [docket entry no. 14] pursuant to Federal Rule of Civil Procedure 41(a)(2).   Mission advises the Court that it had actually been advancing Stanley and/or VPCT money on Stanley's income account and, as a result of a sizeable overdraft, Stanley and VPCT were not entitled to any further income distributions until the overdraft was paid.   The plaintiff also states that Stanley terminated his relationship with Mission shortly after the Complaint for Interpleader was filed, leaving him indebted to Mission in the amount of $68,774.00. Consequently, Mission now asserts that Stanley and VPCT are in no way entitled to receive the fund to be interpleaded or any further income distributions from Mission.   Accordingly, the Complaint for Interpleader has become moot inasmuch as there is now no income against which the IRS levy may be enforced.   More importantly,

4

pursuant to Federal Rule of Civil Procedure 41(a)(2), the Complaint can be dismissed voluntarily if leave is given by the Court because the counterclaim filed by the IRS can remain pending for independent adjudication.

In its Response [docket entry no. 22] filed on January 8, 2008, the IRS maintains that it needs to conduct discovery as to the several new, unsupported factual assertions which Mission raises in its Motion and urges the Court to deny the plaintiff's Motion so that discovery can take place. Alternatively, should the Court grant Mission's Motion, the IRS requests that its counterclaim against Mission be allowed to proceed and leave be given the IRS to amend its counterclaim to include the $9318.00 fund which Mission originally proposed to interplead. Stanley and VPCT make essentially the same argument in their Response [docket entry no. 26] which was filed on January 10, 2008, and add that any actions which occurred after the date the Complaint was filed are irrelevant to Mission's Motion.

Mission filed Rebuttals [docket entry nos. 32, 33] to the defendants' Responses on January 16 and 18, 2008. The plaintiff asserts that the only prerequisite to having its Motion granted with leave of the Court is that the IRS's counterclaim can remain pending for independent adjudication. Alternatively, the plaintiff questions the existence of the Court's subject matter jurisdiction over the Complaint, noting that Mission raised no claim which

arises under federal law in its well-pleaded Complaint.

On December 28, 2007, Stanley and VPCT filed a Motion for Summary Judgment [docket entry no. 19] on the plaintiff's Complaint for Interpleader, wherein they seek to have the Complaint dismissed with prejudice, costs awarded, and the interpleaded funds paid over to VPCT.  Mission filed a Motion to Suspend Time for Filing Response to Motion for Summary Judgment [docket entry no. 21] on January 7, 2008, seeking to postpone the time for filing a Response to Stanley and VPCT's Motion for Summary Judgment until the Court rules upon Mission's Motion to Voluntarily Dismiss Complaint for Interpleader.  The plaintiff posits that should the Court grant its pending Motion, the defendants' Motion will become moot.  Stanley and VPCT filed a Response [docket entry no. 27] in opposition to Mission's Motion to Suspend Time on January 10, 2008.

## II. ANALYSIS

### A. Subject Matter Jurisdiction

This Court has an independent duty to examine its jurisdiction over the subject matter of the action upon its own motion. Wachovia Bank v. Schmidt, 546 U.S. 303, 316, 126 S. Ct. 941, 950, 163 L. Ed. 2d 797 (2006); FED. R. CIV. P. 12(h)(3).

Interpleader is a "procedural device which entitles a person holding money or property, concededly belonging at least in part to another, to join in a single suit two or more persons asserting mutually exclusive claims to the fund."  White v. FDIC, 19 F.3d

249, 251 (5th Cir. 1994).  "Interpleader should be employed for 'the avoidance of the burden of unnecessary litigation or the risk of loss by the establishment of multiple liability when only a single obligation is owing.'"  <u>Airborne Freight Corp. v. United States</u>, 195 F.3d 238, 240 (5th Cir. 1999) (quoting <u>Texas v. Florida</u>, 306 U.S. 398, 412, 59 S. Ct. 563, 570, 83 L. Ed. 817 (1939)).

There are two sub-types of interpleader actions: true or strict interpleader and an action in the nature of interpleader. The former involves a plaintiff who is a real stakeholder but not a claimant to the stake, and the latter concerns a plaintiff-stakeholder who is also a claimant to the stake.  <u>Id.</u>  This case is a true/strict interpleader action, insofar as Mission disclaims any interest in the stake it seeks to interplead.

There are also two ways in which a stakeholder may prosecute an interpleader action: statutory interpleader and rule interpleader.  <u>Id.</u>

1. Statutory Interpleader

Statutory interpleader under 28 U.S.C. § 1335 involves a grant of original jurisdiction to district courts to hear "any civil action of interpleader or in the nature of interpleader filed by any person, firm, or corporation, association, or society having in its possession money or property of the value of $500 or more . . . ."  28 U.S.C. § 1335 (2006).  Certainly the stake which Mission

possesses and seeks to interplead in this case has a value equal to or in excess of $500.00.

However, § 1335 also requires that "[t]wo or more adverse claimants, of diverse citizenship as defined in subsection (a) or (d) of section 1332 of this title [be] claiming or may claim to be entitled to such money or property . . . ."  28 U.S.C. § 1335. This provision has been interpreted to mandate only "'minimal diversity, that is, diversity of citizenship between two or more claimants, without regard to the circumstance that other rival claimants may be co-citizens . . . .'"  <u>Travelers Indem. Co. v. Greyhound Lines, Inc.</u>, 377 F.2d 325, 326–27 (5th Cir. 1967) (quoting <u>State Farm Fire & Cas. Co. v. Tashire</u>, 386 U.S. 523, 530, 87 S. Ct. 1199, 1203, 17 L. Ed. 2d 780 (1967)).

Both Stanley and VPCT, two of the claimants to the fund which the plaintiff proposes to interplead, are considered citizens of Mississippi and thus are not minimally diverse.  The only other claimant to the stake is the Director of the IRS/United States of America.  However, neither the United States, <u>Commercial Union Ins. Co. v. United States</u>, 999 F.2d 581, 584 (D.C. Cir. 1993); <u>General Ry. Signal Co. v. Corcoran</u>, 921 F.2d 700, 703 (7th Cir. 1991); <u>Lummis v. White</u>, 629 F.2d 397, 402 (5th Cir. 1980), <u>rev'd on other grounds sub nom.</u>, <u>Cory v. White</u>, 457 U.S. 85, 102 S. Ct. 2325, 72 L. Ed. 2d 694 (1982); <u>Koppers Co. v. Garling & Langlois</u>, 594 F.2d 1094, 1097 n.1 (6th Cir. 1979); <u>Kent v. N. California Reg'l Office</u>

of Am. Friends Serv., 497 F.2d 1325, 1327 (9th Cir. 1974), nor the agencies thereof, Texas v. Interstate Commerce Comm'n and R.R. Labor Bd., 258 U.S. 158, 160, 42 S. Ct. 261, 262, 66 L. Ed. 531 (1922); Weeks Constr., Inc. v. Oglala Sioux Hous. Auth., 797 F.2d 668, 676 n.10 (8th Cir. 1986); Hancock Fin. Corp. v. Fed. Sav. & Loan Ins. Corp., 492 F.2d 1325, 1329 (9th Cir. 1974), are citizens for diversity purposes and may not be sued in diversity.[2]

Therefore, because minimal diversity does not exist among the three claimants to the stake at issue herein, the Court is of the opinion that Mission cannot invoke this Court's statutory interpleader subject matter jurisdiction pursuant to 28 U.S.C. § 1335.

2. Rule Interpleader

Rule interpleader under Federal Rule of Civil Procedure 22[3],

---

[2] The fact that the Director of the IRS is technically the named defendant is irrelevant inasmuch as the United States is the real party in interest. Alternatively, this Court agrees with the reasoning of the United States Court of Appeals for the Seventh Circuit and "decline[s] to distinguish agencies from their administrators for the purpose of determining diversity jurisdiction." Gen. Ry. Signal Co., 921 F.2d at 704. Indeed, the "better view is that a suit against an agency administrator is equivalent to a suit against the agency. A contrary holding would undermine the longstanding rule that agencies cannot be citizens of any state for diversity purposes and would arbitrarily expand diversity jurisdiction over instrumentalities of the United States. Plaintiffs could invoke subject matter jurisdiction merely by naming administrators as defendants rather than the agencies themselves." Id. at 704-05 (internal citations omitted).

[3] Rule 22 provides as follows:
    a) Grounds.

on the other hand, "may only be invoked where all jurisdictional requisites otherwise are met; it is not dependent, therefore, on any special statutory grant of jurisdiction . . . ." <u>Perkins State Bank v. Connolly</u>, 632 F.2d 1306, 1311 n.3 (5th Cir. 1980).  Thus rather than conferring an independent basis for federal subject matter jurisdiction, Rule 22 merely provides a procedural framework for interpleader actions when subject matter jurisdiction otherwise lies under a federal statute.  <u>Metro. Life Ins. Co. v. Price</u>, 501 F. 3d 271, 277 n.4 (3d Cir. 2007); <u>Correspondent Servs. Corp. v.</u>

---

(1) By a Plaintiff. Persons with claims that may expose a plaintiff to double or multiple liability may be joined as defendants and required to interplead. Joinder for interpleader is proper even though:
   (A) the claims of the several claimants, or the titles on which their claims depend, lack a common origin or are adverse and independent rather than identical; or
   (B) the plaintiff denies liability in whole or in part to any or all of the claimants.
(2) By a Defendant. A defendant exposed to similar liability may seek interpleader through a crossclaim or counterclaim.
(b) Relation to Other Rules and Statutes. This rule supplements--and does not limit--the joinder of parties allowed by Rule 20. The remedy this rule provides is in addition to--and does not supersede or limit--the remedy provided by 28 U.S.C. §§ 1335, 1397, and 2361. An action under those statutes must be conducted under these rules.

First Equities Corp. of Florida, 338 F.3d 119, 124 (2d Cir. 2003);
Aetna Life Ins. Co. v. Bayona, 223 F.3d 1030, 1033 (9th Cir.
2000); Metro. Life Ins. Co. v. Marsh, 119 F.3d 415, 418 (6th Cir.
1997); Commercial Nat'l bank of Chicago v. Demos, 18 F.3d 485, 488
(7th Cir. 1994); Commercial Union Ins. Co., 999 F.2d at 584; St.
Louis Union Trust Co. v. United States, 617 F.2d 1293, 1298 (8th
Cir. 1980); Lummis, 629 F.2d at 400-01.

The only statutory basis urged[4] by the plaintiff for this
Court's jurisdiction is 28 U.S.C. § 1331.  Under § 1331, this Court
has subject matter jurisdiction over "all civil actions arising
under the Constitution, laws, or treaties of the United States."
An action arises under federal law if a federal law creates the
cause of action, American Well Works, 241 U.S. 257, 260, 36 S. Ct.
585, 586, 60 L. Ed. 987 (1915), or if a "state-law claim
necessarily raise[s] a stated federal issue, actually disputed and
substantial, which a federal forum may entertain without disturbing
any congressionally approved balance of federal and state judicial
responsibilities."  Grable & Sons Metal Prods., Inc. v. Darue Eng'g
& Mfg., 545 U.S. 308, 314, 125 S. Ct. 2363, 2368, 162 L. Ed. 2d 257

---

[4] The plaintiff does not contend in its Complaint or elsewhere
that this Court has jurisdiction based upon 28 U.S.C. § 1332;
therefore, the Court need not address whether diversity of
citizenship jurisdiction exists in this case inasmuch as
"'[j]urisdiction may not be sustained on a theory the plaintiff has
not advanced.'" Robinson v. TCI/US West Commc'ns Inc., 117 F.3d
900, 905 n.8 (5th Cir. 1997) (quoting Merrell Dow Pharms. Inc. v.
Thompson, 478 U.S. 804, 809 n.6, 106 S. Ct. 3229, 3233 n.6, 92 L.
Ed. 2d 650 (1986)).

(2005).

As a general rule, "[t]he presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, under which federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Rivet v. Regions Bank of Louisiana, 522 U.S. 470, 475, 118 S. Ct. 921, 139 L. Ed. 2d 912 (1998) (quoting Caterpillar Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987)).  In this case, it is evident to the Court that Mission's Complaint for Interpleader does not present a federal question which is necessary to the plaintiff's action.

As a result of the well-pleaded complaint rule, very few interpleader complaints qualify for federal question jurisdiction because a "stakeholder's interpleader claim 'is typically one seeking discharge and is difficult to characterize as asserting either federal or state rights.'" Commercial Union Ins. Co. v. United States, 999 F.2d 581, 585 (D.C. Cir. 1993) (quoting Morongo Band of Mission Indians v. California State Bd. of Equalization, 858 F.2d 1376, 1383 (9th Cir. 1988)).  Because of the unique nature of interpleader actions, federal courts have routinely concluded that "interpleader ought to be treated . . . in the same fashion as a request for a declaratory judgment[,]" id., insofar as both kinds of actions "enable a defendant to precipitate a plaintiff's suit in order to avoid multiple liability or other inconveniences." Bell

& Beckwith v. United States, 766 F.2d 910, 914 (6th Cir. 1985).  In fact, every United States Court of Appeals and District Court which has addressed the issue has concluded that, even though a federal question is absent from the face of a plaintiff's well-pleaded complaint, "federal question jurisdiction exists if such jurisdiction would have existed in a coercive action by the defendant." Id.; Commercial Union, 999 F.2d at 585; Morongo Band, 858 F.2d at 1384; General Ry. Signal Co. v. Corcoran, 921 F.2d 700, 706 n.6 (7th Cir. 1991); Shelter Mut. Ins. v. Gregory, 2008 WL 118078, *4 (M.D. Tenn. Jan. 8, 2008); Norcal Gold, Inc. v. Laubly, 2007 WL 1993165, *1 (E.D. Cal. July 5, 2007);  Bank of New York v. Rubin, 2006 WL 633315, *5 (S.D.N.Y. Mar. 15, 2006), aff'd in part and vac'd in part on other grounds, 484 F.3d 149 (2d Cir. 2007); Asbestos Workers Local No. 23 Pension Fund ex rel. Norcross v. United States, 303 F. Supp. 2d 551, 555 (M.D. Pa. 2004); Stockton Christian Life Ctr., Inc. v. IRS, 172 F. Supp. 2d 1292, 1297 (E.D. Cal. 2001); CPS Elec., Ltd. v. United States, 166 F. Supp. 2d 727, 729 (N.D.N.Y 2001); Salomon Smith Barney, Inc. v. McDonnell, 201 F.R.D. 297, 303 (S.D.N.Y. 2001); Otter Bay Fisheries v. Brown, 1999 WL 1090821, *1 (W.D. Wash. Oct. 22, 1999); Nordtrom, Inc. v. Fall, 1998 WL 667892, *2 (W.D. Wash. Aug. 12, 1998); Amoco Prod. Co. v . Aspen Group, 8 F. Supp. 2d 1249, 1252 (D. Colo. 1998); Home Corp. v. deLone, 1997 WL 214849, *4 n.11 (E.D. Pa. Apr. 23, 1997); Blackmon Auctions, Inc. v. Van Buren Truck Ctr., Inc., 901 F. Supp.

13

287, 290 (W.D. Ark. 1995); <u>Boatmen's First Nat'l Bank of Kansas
City v. McCoy</u>, 861 F. Supp. 846, 849 (W.D. Mo. 1994); <u>Banco de
Ponce v. Hinsdale Supermarket Corp.</u>, 663 F. Supp. 813, 816
(E.D.N.Y. 1987).[5]

Thus the critical question raised is whether a coercive action
brought by the IRS, Stanley, or VPCT would have arisen under
federal law.  It is clear to this Court that had Mission retained
the stake at issue herein or paid the fund over to Stanley or VPCT
instead of initiating this interpleader action, the IRS/United
States would have brought a coercive action based upon federal
question jurisdiction against Mission for its failure to honor the
March 19, 2007 Notice of Levy[6].

In support of this conclusion, the Court need only look as far
as the counterclaim filed by the IRS on October 19, 2007.  In its
counterclaim, the IRS seeks to impose liability upon Mission

--------

[5] While the United States Court of Appeals for the Fifth
Circuit has not squarely addressed this issue in the interpleader
context, the court has approved of the concept of federal question
jurisdiction based upon coercive actions arising under federal law
which a defendant could have brought in declaratory judgment cases.
<u>TTEA v. Ysleta del Sur Pueblo</u>, 181 F.3d 676, 681 (5th Cir. 1999)
(citing <u>Franchise Tax Bd. v. Constr. Laborers Vacation Trust</u>, 463
U.S. 1, 19, 103 S. Ct. 2841, 2851 77 L. Ed. 2d 420 (1983)); <u>Lowe v.
Ingalls Shipbuilding</u>, 723 F.2d 1173, 1179 (5th Cir. 1984).
Therefore, the Court is of the opinion that the Fifth Circuit would
reach the same conclusion as the circuits which have squarely
addressed the issue in the interpleader setting.

[6] The Court thus need not decide whether an action brought by
Stanley or VPCT would arise under federal law.

pursuant to 26 U.S.C. § 6332(d)(1)[7] for its purported failure to honor the Notice of Levy and to collect the levied funds. (Ans. & Counterclaim ¶¶ 21-22, 24-26.)  The IRS predicated the Court's jurisdiction over the counterclaim upon 28 U.S.C. §§ 1340 and 1345 and 26 U.S.C. § 7402(a).

Title 26, section 7402(a) provides that

> The district courts of the United States at the instance of the United States shall have such jurisdiction to make and issue in civil actions, writs and orders of injunction, and of *ne exeat republica*, orders appointing receivers, and such other orders and processes, and to render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws. The remedies hereby provided are in addition to and not exclusive of any and all other remedies of the United States in such courts

---

[7] Section 6332(d)(1) provides in relevant portion:
(d) Enforcement of levy.
(1) Extent of personal liability – Any person who fails or refuses to surrender any property or rights to property, subject to levy, upon demand by the Secretary, shall be liable in his own person and estate to the United States in a sum equal to the value of the property or rights not so surrendered, but not exceeding the amount of taxes for the collection of which such levy has been made, together with costs and interest on such sum at the underpayment rate established under section 6621 from the date of such levy (or, in the case of a levy described in section 6331(d)(3), from the date such person would otherwise have been obligated to pay over such amounts to the taxpayer).

or otherwise to enforce such laws.

In addition, 28 U.S.C. § 1340 states:

> The district courts shall have original
> jurisdiction of any civil action arising under
> any Act of Congress providing for internal
> revenue, or revenue from imports or tonnage
> except matters within the jurisdiction of the
> Court of International Trade.

Finally, 28 U.S.C. § 1345 provides as follows:

> Except as otherwise provided by Act of
> Congress, the district courts shall have
> original jurisdiction of all civil actions,
> suits or proceedings commenced by the United
> States, or by any agency or officer thereof
> expressly authorized to sue by Act of
> Congress.

This Court is of the opinion that any and all of these three statutes would have been sufficient to vest the Court with federal question jurisdiction over the IRS's anticipated coercive action against Mission for liability under 26 U.S.C. § 6332(d)(1) for its failure to honor the March 19, 2007 Notice of Levy. See Gustin v. IRS, 876 F.2d 485, 489 (5th Cir. 1989) (suggesting 28 U.S.C. § 1340 and 26 U.S.C. § 7402(a) provide independent jurisdictional grounds for an IRS claim); Marshall v. Gibson's Prods., Inc. of Plano, 584 F.2d 668, 676 n.10 (5th Cir. 1978) (holding that 28 U.S.C. § 1345 alone provides subject matter jurisdiction for the district courts when the United States is a plaintiff). Accordingly, the Court is satisfied that it has arising under jurisdiction over the plaintiff's Complaint for Interpleader.

*B. Mission's Motion to Voluntarily Dismiss*

16

The Court being assured of its jurisdiction, it now turns to the substance of the plaintiff's Motion to Voluntarily Dismiss Complaint for Interpleader.   Federal Rule of Civil Procedure 41(a)(2) provides that

> Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper.  If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication.   Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

The Court finds the plaintiff's Motion to be well-taken, inasmuch as the IRS's counterclaim can remain in this action for adjudication because there exists an independent basis for the Court's jurisdiction as enumerated above.

### C. VPCT's and Stanley's Motion for Summary Judgment

Because Mission's Motion to Voluntarily Dismiss is well-taken, VPCT's and Stanley's Motion for Summary Judgment on the plaintiff's Complaint for Interpleader has become moot and shall be denied. Consequently, Mission's Motion to Suspend Time for Filing Response to Motion for Summary Judgment is likewise moot and shall be denied.

### III. CONCLUSION & ORDER

Based upon the foregoing analysis and authorities,

**IT IS HEREBY ORDERED** that the plaintiff's Motion to

Voluntarily Dismiss Complaint for Interpleader [**docket entry no. 14**] is **GRANTED.**

**IT IS FURTHER ORDERED** that defendants Vicksburg Primary Care Team, Inc.'s and Markus B. Stanley's Motion for Summary Judgment [**docket entry no. 19**] is **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** that plaintiff's Motion to Suspend Time for Filing Response to Motion for Summary Judgment [**docket entry no. 21**] is **DENIED AS MOOT.**

**SO ORDERED,** this the __7TH__ day of April 2008.

_____s/ David Bramlette_____
**UNITED STATES DISTRICT JUDGE**