**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI,**
**WESTERN DIVISION**

MISSION PRIMARY CARE CLINIC, PLLC                            PLAINTIFF

VERSUS                                  CIVIL ACTION NO. 5:07cv162-DCB-JMR

DIRECTOR, INTERNAL REVENUE SERVICE,
VICKSBURG PRIMARY CARE TEAM, INC.,
and MARKUS B. STANLEY                                        DEFENDANTS

**OPINION & ORDER**

This matter comes before the Court on Mission Primary Care Clinic, PLLC's Motion for Summary Judgment [**docket entry no. 15**]. Having carefully considered said Motion, memoranda in support and opposition thereof, all applicable law, and being otherwise fully advised in the premises, the Court finds and orders as follows:

**I. BACKGROUND & PROCEDURAL HISTORY**

Mission Primary Care Clinic, PLLC ("Mission") is a professional limited liability company organized under the laws of Mississippi and engaged in the business of providing medical care services. Part of Mission's function is to collect fees for such services charged by its constituent physician members and to remit the same, less operating expenses, to said members. At all times relevant to this action, Markus B. Stanley was a physician licensed by the state of Mississippi and a member of Mission. Stanley was also the president and sole shareholder in Vicksburg Primary Care Team, Inc. ("VPCT"), a Mississippi S-corporation. VPCT performed medical services on behalf of Mission, and Stanley performed

medical services through VPCT.

On March 19, 2007, the Internal Revenue Service[1] ("IRS") issued a Notice of Levy of Wages, Salary, and Other Income ("Notice of Levy") to Mission as against Stanley, the taxpayer named therein.  Mission was served with the Notice of Levy on March 23, 2007.  On June 1, 2007, Stanley sent a letter to the IRS in which he claimed that a substantial portion of the income purportedly levied by the Notice of Levy was exempt from levy under the Internal Revenue Code.  On June 15, 2007, Stanley sent a letter to Mission asserting several objections and defenses to the levy and demanding payment of all funds due him from Mission for services rendered after March 19, 2007.  In particular, Stanley posited that, absent additional notices of levy, Mission could not rightfully withhold money owed to him for services rendered post-March 19, 2007.

During July 2007, Mission collected $9318.00 which was due to be distributed to VPCT and/or Stanley.  After remitting $6012.50 to VPCT based upon a Statement of Exemption and Filing Status provided by Stanley, Mission filed its Complaint for Interpleader [docket

---

[1] According to the United States's Answer and Counterclaim [docket entry no. 6], the Director of the IRS was improperly named as an original defendant in this cause and the United States was the real party in interest.  While the Court believes such information to be accurate, except as where otherwise noted it will refer to the United States by the appellation of its relevant agency, the IRS, so as to minimize confusion and enhance the readability of this Opinion & Order.

entry no. 1] on August 17, 2007, invoking this Court's subject matter jurisdiction pursuant to 28 U.S.C. § 1331.  In its Complaint for Interpleader filed against the IRS, VPCT, and Stanley, Mission averred that, contrary to the June 15, 2007, letter from Stanley, the IRS "has continuously demanded that plaintiff deliver to the [IRS] all distributions to which [VPCT] and/or [Stanley] would have been entitled since the date of said levy based on the medical services provided by [Stanley], less exemptions allowed by law and as approved by the IRS." (Compl. ¶ 10.)  Thus while admitting that it had no interest in the funds to be interpleaded, Mission sought to avoid the liability it might incur if it paid the wrong party the balance which was currently being held for distribution or any funds which may have become available for distribution in the future.  (Compl. ¶ 12.)

Stanley and VPCT filed their Answer and Defenses [docket entry no. 5] on October 17, 2007.  On October 19, 2007, the IRS filed its Answer [docket entry no. 6] and, invoking this Court's subject matter jurisdiction pursuant to 28 U.S.C. §§ 1340 and 1345 and 26 U.S.C. § 7402(a), asserted a counterclaim against Mission.  The IRS's counterclaim posits that, pursuant to 26 U.S.C. § 6332(d)(1), Mission is liable to the IRS for its purported failure to honor the Notice of Levy and to collect the levied funds.  The IRS contends that Mission owes the IRS for payments Mission made to Stanley and/or VPCT after Mission received the Notice of Levy.  According

3

to the IRS, the amount for which Mission is liable is $63,012.50 plus interest and costs, in addition to any other payments Mission might have made to Stanley and/or VPCT.   On November 8, 2007, Mission filed an Answer [docket entry no. 8] to the IRS's counterclaim and asserted a claim against Stanley and VPCT for indemnity.   Stanley and VPCT submitted an Answer [docket entry no. 9] to Mission's indemnity claim on November 28, 2007.

On December 21, 2007, Mission filed a Motion to Voluntarily Dismiss Complaint for Interpleader [docket entry no. 14][2] and a Motion for Summary Judgment [docket entry no. 15] on the IRS's counterclaim.   VPCT and Stanley filed their Response [docket entry no. 34] to Mission's Motion for Summary Judgment on January 28, 2008.   The IRS entered its Memorandum of Authorities [docket entry no. 41] in opposition to the same motion on April 7, 2008.   Mission filed a Rebuttal Memorandum [docket entry no. 46] on May 5, 2008.   On May 21, 2008, VPCT and Stanley filed their Response [docket entry no. 47] to Mission's Rebuttal Memorandum.

Mission's Motion for Summary Judgment is now before the Court.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is apposite "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with

_____

[2] This Court granted Mission's Motion to Voluntarily Dismiss Complaint for Interpleader by its Order [docket entry no. 44] of April 10, 2008.   The remaining claims in this action are the IRS's counterclaim against Mission and Mission's indemnity claim against VPCT and Stanley.

the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).[3]  The party moving for summary judgment bears the initial responsibility of apprising the district court of the basis for its motion and the parts of the record which indicate the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986).

"Once the moving party presents the district court with a properly supported summary judgment motion, the burden shifts to the nonmoving party to show that summary judgment is inappropriate."  Morris v. Covan World Wide Moving, Inc., 144 F.3d 377, 380 (5th Cir. 1998).  "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S. Ct. 2505, 2513, 91 L. Ed. 2d 202 (1986).  But the nonmovant must "do more than simply show that there is some metaphysical doubt as to the material facts."  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986).  Moreover, "[t]he mere existence of a scintilla of

---

[3]  "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law. An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the non-moving party." Ginsberg 1985 Real Estate Partnership v. Cadle Co., 39 F.3d 528, 531 (5th Cir. 1994) (internal citations omitted).

evidence" is insufficient to defeat a properly supported motion for summary judgment.  Anderson, 477 U.S. at 252, 106 S. Ct. at 2512. The nonmovant must instead come forward with "specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e).  Summary judgment is properly rendered when the nonmovant "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Celotex Corp., 477 U.S. at 322, 106 S. Ct. at 2552.

### III. ANALYSIS

#### A. The Parties' Arguments

In its Motion for Summary Judgment, Mission first contends that it was not indebted to Stanley for any undistributed profits on March 23, 2007, the date on which Mission received the Notice of Levy.  Mission also posits that Stanley was not an employee to whom it paid a wage or salary, but was rather one of its members who received profits based upon the amount of fees he produced. Therefore, because the statute upon which the IRS premises its counterclaim provides that a levy is continuous in nature only as to salary and wages payable to or received by a taxpayer, the Notice of Levy was ineffective to bind any income to which Stanley may have become entitled after March 23, 2007.  Based upon these arguments and the purported absence of a genuine issue of material fact, Mission maintains that it is entitled to a judgment as a

matter of law on the IRS's counterclaim.

The IRS argues in response that VPCT and/or Stanley is either an employee or an independent contractor of Mission and that the compensation for services which Mission paid to VPCT and/or Stanley in the form of fees and advances against the same constituted "salary or wages" under the applicable statutes and regulations.

More specifically, the IRS asserts that inasmuch as VPCT and/or Stanley are compensated based on the amount of money collected by Mission for medical services which Stanley rendered rather than based on VPCT and/or Stanley's membership interest in Mission, VPCT and/or Stanley should be treated as an employee or independent contractor.  Furthermore, argues the IRS, one of VPCT's interrogatory responses stated that "Stanley/VPCT received payment [from Mission] for medical services performed in the context of an independent contractor, not as an 'employee' . . . ." (IRS Ex. 1.) The IRS posits that the fact that Mission labels VPCT and/or Stanley as its member does not change the factual nature of the relationship as that of an employee or an independent contractor.

The IRS then argues that the money which Mission extended to VPCT and/or Stanley were advances against wages or salary.  In support of this contention, the IRS points to Stanley's deposition testimony in which he indicated that the advances would be repaid to Mission by withholding money out of Stanley's future earnings. Under the applicable definition, so goes the argument, advances on

salary or wages made after the date of a levy constitute "salary or wages."  Therefore, inasmuch as the levy was continuous as to Stanley's salary and wages, Mission's failure to honor said levy when it paid VPCT and/or Stanley such advance salary or wages and other monthly payments for services rendered makes it liable to the IRS under federal law.

In its Rebuttal Memorandum, Mission points out that the IRS did not respond to Mission's argument that it was not indebted to Stanley on the date it received the Notice of Levy.  Therefore, Mission says that the only issue the Court must decide is whether Mission became indebted to Stanley for wages or salary after the levy was issued.

Mission points to the Affidavit of Bill Fulcher, the administrator of Mission, who characterized the advances or loans to VPCT and/or Stanley as "funds in excess of that to which they were entitled based on [Stanley's] fee production creating, in essence, an overdraft in the account of [VPCT] with Mission." (Fulcher Aff. ¶ 5.)  Furthermore, Fulcher stated that "Mission does not pay its members any salary or wages."  (Fulcher Aff. ¶ 5.)

Mission also argues that Stanley was not its employee because he was not subject to the requisite degree of control from Mission in the operation of his medical practice.  Mission urges that, notwithstanding VPCT/Stanley's interrogatory response, Stanley was not an independent contractor for Mission either.  Mission contends

that there is no evidence that Stanley was contractually bound to provide services for Mission; rather, the services rendered by Stanley were performed in his own behalf as a partner of Mission. According to Mission, it merely acted as a collection conduit (after deduction of its operating expenses) for the payments which Stanley's patients made to VPCT for medical services that Stanley had rendered and for which VPCT had billed.  Mission lastly distinguishes the authority upon which the IRS relies by declaring that the cited case does not support the IRS's position that profits paid to member physicians of a professional limited liability company constitute "wages and salary" subject to a continuing levy under the relevant federal statutes.

### B. Application of Law

According to 26 U.S.C. § 6331(a), "[i]f any person liable to pay any tax neglects or refuses to pay the same within 10 days after notice and demand, it shall be lawful for the Secretary to collect such tax (and such further sum as shall be sufficient to cover the expenses of the levy) by levy upon all property and rights to property (except such property as is exempt under section 6334) belonging to such person or on which there is a lien provided in this chapter for the payment of such tax."  It was pursuant to this statutory provision that the IRS issued the subject Notice of Levy on Stanley's property to Mission.

Under 26 U.S.C. § 6331(b), "[t]he term 'levy' as used in this

title includes the power of distraint and seizure by any means. Except as otherwise provided in subsection (e), a levy shall extend only to property possessed and obligations existing at the time thereof."  However, pursuant to § 6331(e), "[t]he effect of a levy on salary or wages payable to or received by a taxpayer shall be continuous from the date such levy is first made until such levy is released under section 6343."

Under 26 U.S.C. § 6332(a), "any person in possession of (or obligated with respect to) property or rights to property subject to levy upon which a levy has been made shall, upon demand of the Secretary, surrender such property or rights (or discharge such obligation) to the Secretary . . . ."  Furthermore, "[a]ny person who fails or refuses to surrender any property or rights to property, subject to levy, upon demand by the Secretary, shall be liable in his own person and estate to the United States in a sum equal to the value of the property or rights not so surrendered . . . ."  26 U.S.C. § 6332(d)(1).

Mission correctly points out that the IRS has adduced no evidence that Mission possessed or was obligated with respect to any of Stanley's property on the date Mission was served with the Notice of Levy.  Therefore, Mission is not liable to the IRS pursuant to § 6331(b).

However, contrary to the general rule from §6331(b) that a levy acts upon property possessed and obligations existing on the

date of the levy, § 6331(e) mandates that a levy is continuous from the date the levy is served as to a taxpayer's wages and salary. The only other relevant way by which Mission may be liable to the IRS, then, is if Mission was in possession of or obligated with respect to any "salary or wages payable to or received by" Stanley after the date it received the Notice of Levy.   26 U.S.C. § 6331(e).

The dispositive question before the Court is "were the payments that Mission made to Stanley and/or VPCT after March 23, 2007, 'wages or salary payable to or received by' Stanley?"   26 U.S.C. § 6331(e).  If the answer is no, then Mission clearly is not liable to the IRS; if the answer is yes, then inasmuch as the levy was continuing as to Stanley's salary and wages, Mission will be personally liable to the IRS for the property or rights in property subject to levy which it did not surrender to the IRS.

The term "wages or salary" is not defined in the relevant chapter of Title 26 of the United States Code.  However, under 26 U.S.C. § 7805(a), the Secretary of the Treasury is empowered to "prescribe all needful rules and regulations for the enforcement of this title, including all rules and regulations as may be necessary by reason of any alteration of law in relation to internal revenue."   Acting pursuant to this delegated authority, the Secretary has promulgated the following regulation:

> A levy on salary or wages has continuous
> effect from the time the levy originally is

> made until the levy is released pursuant to
> section 6343. *For this purpose, the term*
> *salary or wages includes compensation for*
> *services paid in the form of fees,*
> *commissions, bonuses, and similar items. The*
> *levy attaches to both salary or wages earned*
> *but not yet paid at the time of the levy,*
> *advances on salary or wages made subsequent to*
> *the date of the levy, and salary or wages*
> *earned and becoming payable subsequent to the*
> *date of the levy*, until the levy is released
> pursuant to section 6343.

26 C.F.R. § 301.6331-1(b)(1) (emphasis added).

The IRS contends that Mission provided Stanley with compensation for services paid in the form of fees (i.e. salary or wages) when it advanced Stanley money that would be repaid out of his future earnings.  The IRS also argues that because VPCT admitted in an interrogatory response that Stanley/VPCT is an independent contractor and inasmuch as Stanley/VPCT receives only the fruits of Stanley's labor and no profits from a business, Stanley's/VPCT's fees are as an employee or an independent contractor and not as an owner of a business.

The term "salary or wages" from § 6331(e) has been construed broadly.  Meehan v. Comm'r, 122 T.C. 396, 403 (2004).  The United States Court of Appeals for the Fourth Circuit, while recognizing that "§ 6331(e) was undoubtedly intended most commonly to reach wages paid to payroll employees," has held that "the words 'wages or salary payable to or received by a taxpayer' are not so specific as to exclude the possibility that Congress intended the provision to encompass commissions paid to an independent contractor."

United States v. Jefferson-Pilot Life Ins. Co., 49 F.3d 1020, 1022-23 (4th Cir. 1995).  Although the matter sub judice clearly does not involve "compensation for services paid in the form of . . . commissions" to an independent contractor, the IRS argues that it does concern "compensation for services paid in the form of fees . . . ." to an independent contractor.  26 C.F.R. § 301.6331-1(b)(1).

The Court finds Jefferson-Pilot to be sufficiently analogous and persuasive, and is of the opinion that the IRS's proferred interpretation of the ambiguous term "salary or wages" from § 6331(e) as including fees paid to an independent contractor as compensation for services rendered[4] would be a permissible one entitled to Chevron deference inasmuch as it would further the congressional goal of easing "the 'substantial administrative problems' that would be faced if the IRS could only impose successive levies upon remuneration contractually owed a defaulting taxpayer for personal services." Jefferson-Pilot, 49 F.3d at 1023.

The obvious question, then, is whether Stanley was an independent contractor for Mission.[5]  As noted earlier, VPCT's

---

[4] Section 301.6331-1(b)(1) makes clear that the subject IRS levy would have attached to any of Stanley's earned but unpaid salary or wages as of March 23, 2007, any salary or wages earned and payable after that date, and any advances on salary or wages after said date.  If, as the IRS contends, the monies which Mission gave to Stanley after the date of the levy were indeed advance payments of compensation for services paid in the form of fees, then the levy attached to such funds.

[5] The IRS makes the assertion that Stanley may also be an employee of Mission, but fails to adduce any evidence indicative of

interrogatory response stated that "Stanley/VPCT received payment [from Mission] for medical services performed in the context of an independent contractor, not as an 'employee' . . . ." (IRS Ex. 1.) Mission argues that this "inartful choice of terminology" is not controlling, inasmuch as the IRS has produced no evidence that Stanley had a contractual obligation or other arrangement with Mission to perform services on its behalf.  Rather, the services which Stanley performed were in his own behalf as a member of Mission.

The Court is of the opinion that the evidence presented by the parties reveals that a genuine issue of fact exists as to whether Stanley provided medical services as an independent contractor for Mission.  Stanley's status is clearly material because it is critical to determining whether the payments Mission made were wages or salary, and thus whether the levy was continuous in nature, and thus whether Mission is liable on the IRS's counterclaim.  For these reasons, Mission is not entitled to a judgment as a matter of law.

### IV. CONCLUSION

The Court has considered the parties' remaining arguments and finds them to be without merit.  Accordingly, based upon the foregoing analysis and authorities,

**IT IS HEREBY ORDERED** that Mission's Motion for Summary

---

an employee/employer relationship between the two.

Judgment [**docket entry no. 15**] is **DENIED**.

      **SO ORDERED**, this the 17th day of July 2008.


                                    s/ David Bramlette

                                **UNITED STATES DISTRICT JUDGE**