UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI,
WESTERN DIVISION

**UNITED STATES OF AMERICA**,

    Counterclaimant

VERSUS                          CIVIL ACTION NO. 5:07cv162-DCB-JMR

**MISSION PRIMARY CARE CLINIC, PLLC**,

    Counterclaim Defendant and
    Cross-claimant, and

**VICKSBURG PRIMARY CARE TEAM INC., and
MARKUS B. STANLEY**

    Cross-Claim Defendants on Counterclaim.

### ORDER

This cause is before the Court for resolution of two outstanding issues in this case: (1) the amount of Mission's liability to the IRS and (2) Mission's request for a final judgment pursuant to Federal Rule of Civil Procedure 54(b).

The Court granted summary judgment in favor of the IRS on March 6, 2009, thereby holding Mission liable to the IRS for its failure to comply with the IRS's levy on the wages and salary of defendant Stanley. In granting summary judgment, the Court found that the IRS had proven Mission's liability as to $41,200.00 of the $43,200.00 it sought to recover, but found that the record was unclear as to the IRS's right to recover the remaining $2,000.00. Specifically, the Court determined that a fact issue remained as to

whether the $2,000.00 payment made by Mission to Stanley on March 23, 2007, the date on which the Notice of Levy was served, was paid before the Notice of Levy was served (which would exclude it from the amount recoverable by the IRS) or whether it was paid after the Notice of Levy was served (which would include it in the total amount of Mission's liability). In order to resolve the issue, the Court ordered additional briefing from the parties. When the briefs failed to resolve the dispute, the Court ordered limited discovery on the sole issue of whether the payment in question was made before or after Mission's receipt of the Notice of Levy.

On July 1, 2009, the Court received a letter from the Honorable Ken Rector, counsel for Mission Primary, wherein Mission waives its contention that the $2,000.00 payment was made before its receipt of the Notice of Levy. Accordingly, the Court finds that the March 23, 2007, payment of $2,000.00 was made after Mission's receipt of the Notice of Levy and is included in the total amount of Mission's liability to the IRS.

The second issue before the Court is whether it should enter a final judgment as to the IRS's claim against Mission despite the pendency of Mission's crossclaim against defendants Stanley and Vicksburg Primary. Mission argues that the Court should enter a final judgment pursuant to Federal Rule of Civil Procedure 54(b), thus allowing Mission's immediate appeal of the Court's grant of summary judgment. Such action is necessary, Mission argues, because its indemnity claim against Stanley and Vicksburg Primary

cannot be adjudicated until a final determination as to its liability to the IRS is reached. The Court considers the merits of Mission's request.

To reiterate, although the Court has disposed of the IRS's claim against Mission, the claim by Mission against defendants Stanley and Vicksburg Primary is still pending. Accordingly, the question before the Court is whether it should grant a final judgment as to only one portion this action which contains multiple parties and multiple claims. "Where, as here, an action involves multiple parties, a disposition of the action as to only some of the parties does not result in a final appealable order absent a certification by the district court under Federal Rule of Civil Procedure 54(b)." <u>Brown v. Miss. Valley State University</u>, 311 F.3d 328, 331 (5th Cir. 2002) (quoting <u>Transit Mgmt. of Southeast La., Inc. v. Group Ins. Admin., Inc.</u>, 226 F.3d 376, 381 (5th Cir. 2000)). Rule 54(b) states as follows:

> When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no reason for delay.

Fed. R. Civ. P. 54(b). The Fifth Circuit Court of Appeals has said that "a district court is to exercise its authority to certify claims for appeal under 54(b) 'in the sound interest of judicial administration', taking into account such factors as 'whether the claims under review were separable from others remaining to be

adjudicated and whether the nature of the claims to be determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals.'" H&W Industries, Inc. v. Formosa Plastics Corp., 860 F.2d 172, 175 (5th Cir. 1988) (quoting Curtiss-Wright Corp. v. General Electric Co., 446 U.S. 1, 8 n.2, 100 S.Ct. 1460, 1465, 64 L.Ed.2d 1 (1980)). After review, the Court finds that Mission's liability to the IRS, which was finally decided by this Court on summary judgment, is sufficiently separable from the remaining issue of Stanley's and Vicksburg Primary's liability to Mission such that there is no just reason for delay of Mission's appeal, and certification pursuant to Rule 54(b) is appropriate. Accordingly, Mission's request for certification pursuant is well-taken.

**IT IS HEREBY ORDERED** that, in accordance with the Court's prior grant of summary judgment, Mission is liable to the IRS for $43,200.00, plus prejudgment and postjudgment interest thereon.

**IT IS HEREBY ORDERED** that judgment is entered pursuant to Federal Rule of Civil Procedure 54(b) in favor of the IRS as to its claim against Mission Primary.

**SO ORDERED**, this the 7th day of July 2009.

                                        s/ David Bramlette
                                        UNITED STATES DISTRICT JUDGE