```
                    UNITED STATES DISTRICT COURT
                 FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                            WESTERN DIVISION
```

UNITED STATES OF AMERICA                              COUNTERCLAIMANT

VERSUS                              CIVIL ACTION NO. 5:07CV162-DCB-JMR

MISSION PRIMARY CARE CLINIC, PLLC,     COUNTERCLAIM DEFENDANT
                                       and CROSS-CLAIMANT, and

VICKSBURG PRIMARY CARE TEAM INC. AND
MARKUS B. STANLEY                      CROSS-CLAIM DEFENDANTS ON
                                       COUNTERCLAIM

**ORDER**

This matter comes before the Court on Defendant Mission Primary Care Clinic's ("defendant" or "Mission") Motion to Stay Enforcement of Rule 54(b) Judgement [docket entry no. 106]. Mission filed the pending motion on July 16, 2009. The Counterclaimant United States of America ("United States") filed its response [docket entry no. 108] in opposition to the motion on July 30, 2009. Having carefully considered said Motion, Response thereto, applicable statutory and case law, and being otherwise fully advised in the premises, the Court finds and orders as follows:

On March 3, 2009, the Court granted summary judgment in favor of the United States holding that Mission was liable to the IRS for failing to comply with a Notice of Levy of Wages, Salary, and Other Income to Mission as against Markus B. Stanley, the taxpayer named therein. On July 13, 2009, the Court entered an Order in favor of the United States stating that Mission was liable to the IRS for

$43,200.00, plus prejudgment and postjudgment interest thereon. Subsequently, on Mission's request for judgment, the Court entered a Final Judgment against Mission pursuant to Federal Rule of Civil Procedure 54(b).

Now, Mission asks this Court to grant a stay of enforcement of the Rule 54(b) judgment pending its appeal to the circuit court. As authority for the stay, Mission relies upon Federal Rule of Civil Procedure 62(h) which states:

> A court may stay the enforcement of a final judgment entered under Rule 54(b) until it enters a later judgment or judgments, and may prescribe terms necessary to secure the benefit of the stayed judgment for the party in whose favor it was entered.

However, Mission presents no argument in regard to why the final judgment should be stayed except that it is appealing the final judgment.

In its opposition to the motion to stay, the United States argues that Mission cannot meet the four-part test for a stay established by the Supreme Court. In <u>Hilton v. Braunskill</u>, 481 U.S. 770, 776 (1987), the Supreme Court stated that the factors regulating the issuance of a stay pending an appeal are "(1) whether the stay applicant has a made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." (citations

omitted). The United States argues that Mission has failed to meet these factors and, even if Mission attempted to satisfy these factors, it would fail. If this Court grants a stay, the United States argues that the Court should order Mission to post a supersedeas bond securing the judgment during the coarse of an appeal.

As stated previously, Mission has not provided a factual or legal argument why its motion to stay should be granted. Mission only states that the stay should be granted pending its appeal. Therefore, Mission has failed to make "a strong showing that [it] is likely to succeed on the merits" on appeal. Hilton, 481 U.S. at 776. Mission has also failed to show that it would be "irreparably injured absent a stay." Id. The United States argues that it would be injured if the stay was granted because the stay would impose additional administrative burdens associated with collection of the judgment and postpone resolution of this matter. The United States also argues that the public interest is frustrated by further delaying collection of the judgment because collection has already been delayed for over two years.

The Court is of the opinion that the four factors are equally balanced for and against a stay. The arguments presented by the United States in regard to factors three and four are unpersuasive. Granting the stay will not postpone resolution of this matter. Rather, final resolution is dependant upon the appeal.

Furthermore, although $43,200.00 is a considerable amount of money, further delaying the collection of this amount will not "substantially" injure the United States. In addition, since collection has already been delayed for two years, the public interest will not be further frustrated by granting a stay pending resolution of the appeal.

Pursuant to Rule 62(h), the Court "may prescribe terms necessary to secure the benefit of the stayed judgment for the party in whose favor it was entered." The Supreme Court has stated that under Rule 62, "it would be within the power of the District Court to protect all parties by having the losing party deposit the amount of the judgment with the Court . . . . In this way, valid considerations of economic duress and solvency, . . . can be provided for without preventing Rule 54(b) certification." <u>Curtiss-Wright Corp. v. General Electric Co.</u>, 446 U.S. 1, 13 at n. 3 (1980).

In the case at bar, the Court is of the opinion that the appellant's procurement of a supersedeas bond is appropriate to secure the United States rights pending appeal. Pursuant to Rule 62(d):

> [T]he appellant my obtain a stay by supersedeas bond . . . . The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing appeal. The stay takes effect when the court approves the bond.

The Fifth Circuit stated that "[t]he purpose of a supersedeas bond is to preserve the status quo while protecting the non-appealing

4

party's rights pending appeal." <u>Poplar Grove Planting and Refining Co., Inc. v. Bache Halsey Stuart, Inc.</u>, 600 F.2d 1189, 1191 (5th Cir. 1979). The bond's "dual protection" of the judgment debtor and the prevailing party requires a full security supersedeas bond including "the judgment remaining unsatisfied, costs on the appeal, interest, and damages for delay." <u>Id</u>.

Accordingly, the Court orders Mission to obtain a full security supersedeas bond to secure the rights of the United States pending the appeal. Pursuant to Rule 62(d), the stay will take effect when this Court approves the supersedeas bond.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Mission Primary Care Clinic's Motion to Stay Enforcement of Rule 54(b) Judgement [docket entry no. 106] is **GRANTED** pending the Court's approval of the supersedeas bond.

**SO ORDERED** this the 11th day of January 2010.

<u>     s/ David Bramlette     </u>
**UNITED STATES DISTRICT COURT**

5