```
                    UNITED STATES DISTRICT COURT
                 FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                            WESTERN DIVISION
```

MISSION PRIMARY CARE CLINIC, PLLC                              PETITIONER

VERSUS                                          CIVIL ACTION NO: 5:07-cv-162

DIRECTOR, INTERNAL REVENUE SERVICE                              DEFENDANT

**ORDER**

This cause comes before the Court on remand from the Fifth Circuit Court of Appeals wherein this Court was instructed to recalculate Mission Primary Care Clinic's ("Mission") liability to the Internal Revenue Service ("IRS").

To recap, this Court entered its final judgment in the petitioner's case on July 13, 2009. This Court determined that Mission was liable to the IRS in the amount of $43,200.00, plus prejudgment and postjudgment interest thereon in accordance with 26 U.S.C. § 6332(d)(1). This Court denied Mission's motion to clarify in which the petitioner sought reduction of its liability under exemptions pursuant to 26 U.S.C. §§ 6334(a). Specifically, Mission argued that Markus Stanley was entitled to a personal monthly exemption of $1012.50 for the months of March, April, and May 2007. As a result, Mission argued that its liability should be reduced by $3,037.50. This Court granted Mission's motion to clarify but denied the motion insofar as it requested credit for the amount of Markus Stanley's personal exemption.

On appeal, the Fifth Circuit Court of Appeals affirmed this Court's determination that Mission was liable for its failure to

honor the IRS levy.  Yet, the circuit court held that Mission is entitled to credit for the statutory personal exemption to reduce its liability to the IRS.

Inasmuch as Mission is entitled to credit for the personal exemption of $1012.50 for the months of March, April, and May 2007 pursuant to 26 U.S.C. 6334(a)(9), (d), this Court finds that Mission's liability shall be reduced in the amount of $3,037.50. Accordingly, Mission's liability to the IRS is $40,162.50, plus prejudgment and postjudgment interest thereon in accordance with 26 U.S.C. § 6332(d)(1).

**SO ORDERED**, this the 28th day of April 2010.

                                           s/ David Bramlette
                                       **UNITED STATES DISTRICT JUDGE**