UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI,
WESTERN DIVISION

**UNITED STATES OF AMERICA,**

Counterclaimant

VERSUS                          CIVIL ACTION NO. 5:07-cv-162-DCB-JMR

**MISSION PRIMARY CARE CLINIC, PLLC,**

Counterclaim Defendant and
Cross-claimant, and

**VICKSBURG PRIMARY CARE TEAM INC., and
MARKUS B. STANLEY**

Cross-Claim Defendants on Counterclaim.

<u>**OPINION AND ORDER**</u>

This cause is before the Court on the Government's Motion to
Reconsider Order and Enter Judgment Under Federal Rule of Civil
Procedure 58(d), or, in the alternative, Motion for Relief from
Judgment Under Federal Rule of Civil Procedure 60(a) or 60(b)(1).
Having carefully considered said Motion, the Defendant's opposition
thereto, applicable statutory and case law, and being otherwise
fully advised in the premises, the Court finds and orders as
follows:

### I. Summary of the Arguments

On March 25, 2010, Mission Primary Care Clinic, PLLC,
("Mission") appealed this Court's grant of summary judgment in
favor of the United States. The Fifth Circuit upheld the Court's
conclusion that Mission's payments to Stanley constituted salary or

wages subject to the levy imposed by the United States but reversed this Court's determination that Stanley was not entitled to claim the statutory "fallback" exemption. See <u>Mission Primary Care Clinic, PLLC v. Dir., Internal Revenue Servs.</u>, 370 Fed. Appx. 536, 541-42 (5th Cir. July, 7, 2010) (unpublished op.)(citing 26 U.S.C. § 6334(d)(2)(B)). Accordingly, the Court of Appeals remanded the cause, instructing this Court to recalculate the amount of Mission's liability. <u>Id.</u> at 542. Shortly thereafter, this Court applied an exemption of $1,012.50--the per month amount to which Mission claimed its liability should be reduced--for a three-month period to reduce Mission's liability to the United States by $3,037.50.

The United States contends that the Court's June 8, 2010 Order (1) miscalculated the amount owed by Mission, (2) failed to reaffirm its earlier finding that the United States is the prevailing party in this case and (3) did not dispose of Mission's pending crossclaims against Vicksburg Primary Care Team, Inc. ("VPCT") and Markus B. Stanley. The United States asks the Court to recalculate the amount owned by Mission and enter a final judgment in its favor thereby disposing all of its claims against Mission.

Not wanting to incur further costs associated with the case, Mission states, without explanation, that the Court correctly calculated the exemption amount. Mission, however, does not dispute that the United States was the prevailing party in this case and

therefore concedes that the Court's earlier assessment of costs still stands. Further, Mission's response does not address the status of their crossclaims against VPCT or Stanley. Mission's primary concern is that it should not have to pay interest that has accrued on the judgment after June 8, 2010 since it has been "ready and willing" to pay the judgment since that date. In rebuttal, the United States objects to Mission's claim that any interest should be abated and asks the Court to reaffirm that prejudgment and postjudgment interest runs from the date the Court entered its original judgment.

## II. Whether the Court's July 8, 2010 Order Was a Final Judgment

Before the Court can address the merits of the United States's argument, it first must determine the status of the case at bar. The United States has expressed confusion as to whether the Court's June 8, 2010 Order reducing Mission's liability to the United States [docket entry no. 115] should be construed as a final judgment disposing of all of the claims against it, which would qualify the Order as appealable. Additionally, the United States questions why the docket sheet indicates that the case was terminated on July 13, 2009, even though Mission has crossclaims pending against other Defendants.

The Court rendered its June 8, 2010 Opinion and Order pursuant to the instruction of the Fifth Circuit, intending that Order to reduce the amount of Mission's liability to the United States;

however, the Court never set out its amended judgment in a separate document as required by Rule 58(a). As it stands, the Court's original judgment technically remains in effect, although it directly conflicts with the June 8, 2010 Order. To rectify this conflict, the Court will consider the United States's present Motion pursuant to its authority to revise previous, non-appealable orders under Rule 54(b). See Johnson v. TCB Construction Co., Inc., 2007 WL 37769, at *1 (S.D. Miss. 2007) (noting that the Court had not entered a final judgment dismissing all claims against all defendants and therefore should review the order pursuant to its authority under Rule 54(b)), see also Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 12 & n.14 (1983).[1] Following a resolution of this matter, the Court will promptly amend its original Judgment [docket entry no. 105] with a separate document consistent with this Opinion and Order, thereby concluding all claims between the United States and Mission. See FED. R. CIV. P.

---

[1] Motions for reconsideration based on decrees or orders *from which an appeal lies*, i.e., final judgments, are evaluated under either Rule 59(e) or 60(a), depending on how quickly the motion for reconsideration was filed after entry of the Court's order, degree, or judgment. See FED. R. CIV. PRO. 54(a) (emphasis added), 58(a); Shepherd v. Int'l Paper Co., 372 F.3d 326, 328 n.1 (5th Cir. 2004). If the order in question was appealable, the Government's motion would undoubtably be a Rule 60 motion--filed exactly a year after the Order was entered--which has a more stringent standard of review than a Rule 54(b) motion. See generally, Fed. R. Civ. P. 60. Regardless, the Government would prevail even under a more demanding standard because the Court clearly miscalculated the exemption amount. See infra. Indeed, the standard of review makes little difference in this case because the Court clearly erred in its calculations.

58(a).

With respect to Mission's remaining crossclaims, the United States correctly points out that the docket sheet does not indicate that these claims have been resolved. The Court has previously held in this case that VPCT and Stanley lacked standing to challenge the United States's counterclaim against Mission, and, to the extent that the United States is now asking the Court to take any action regarding Mission's counterclaims, by the same logic the Court finds that the United States may not pursue Mission's counterclaims for indemnity from VPCT and Stanley. See March 6, 2009 Opinion and Order at 6-7, docket entry 90. The Court is uncertain as to whether Mission intends to prosecute its crossclaims once the amount of its liability to the United States is finalized, but the Court will leave that decision to Mission's discretion. See July 13, 2009 Order at 3-4, docket entry no. 104. Accordingly, at this time the Court will only resolve the issues remaining between the United States and Mission.

### III. Judgment Amount

The United States disputes both the amount of the personal exemption applied by the Court and the length of time during which the exemption applies, arguing that Stanley qualified for an exemption of $729.17, not $1,012.50, and that this exemption applies for a forty-three-day(43) period, not the entire three

months.

Under 26 U.S.C. § 6334(d)(2)(B), a taxpayer who fails to provide proper documentation for his claimed exemptions is entitled to an exemption "as if the taxpayer is a married individual filing separately with only one personal exemption." Mission Primary Care Clinic, 370 Fed. Appx. at 542. In 2007, the personal exemption for a married individual filing separately with only one personal exemption was $729.17. See IRS Notice 2006-106, 2006-49 I.R.B. 1033, 2006-2 C.B., 2006 WL 3473247 (Table 1). Therefore, the Court should have used this amount in reducing Mission's liability to the United States.[2]

Secondly, 26 C.F.R. § 301.6334-3(d) provides that "[i]n the case of an individual who is paid or receives, wages, salary, and other income other than on a weekly basis, the [amount exempt] from levy under section 6334(a)(9) is the amount that as nearly as possible will result in the same total exemption from levy for such individual over that period of time . . . ."[3] Mission made payments

_____

[2] In its original recalculation of liability, this Court incorrectly relied on Mission's claim that it was entitled to a personal exemption amount of $1,012.50. The Court can find no explanation as to how Mission arrived at this amount but notes that $1,012.50 is the exemption amount for a individual taxpayer claiming two exemptions. See IRS Notice 2006-106, 2006-49 I.R.B. 1033, 2006-2 C.B., 2006 WL 3473247 (Table 1).

[3] 26 U.S.C. § 6334(a)(9) defines the minimum exemption for wages, salary, and other income as "[a]ny amount payable to or received by an individual as wages or salary for personal services,

to Stanley on March 23, March 30, April 5 (two payments), April 10, April 20, April 24, May 2, and May 4, 2007. Because Mission paid Stanley on an other-than-weekly basis, there is no question that the exemption should have been applied only from the dates between March 23 to May 4--a forty-three-day (43) period--rather than for the entire three months. Applying the correct exemption of $729.17 for the correct time-period of forth-three (43) days, the Court finds the judgment should have been reduced by $1,043.27 and will amend the judgment to $42,157.73 to reflect the correct amount Mission owes the United States.[4]

## IV. Costs and Interest

Next, the United States asks this Court to reaffirm the assessment of costs and interests in its favor, and in rebuttal to Mission's response to this request, further requests that the Court reaffirm that Mission owes interest starting from the date of the

_____

or as income derived from other sources, during any period, to the extent that the total of such amounts payable to or received by him during such period does not exceed the applicable exempt amount determined under subsection (d)."

[4] The Court arrived at this calculation by multiplying $729.17 by 12, which equals $8,750.04. This amount, divided by 52, is $168.27--the weekly exemption to which Mission was entitled. Multiplying $168.27 by six--for the six work weeks during the applicable period--equals $1009.62. A one-day daily exemption rate of $33.65 ($168.27/5) was added to this amount, totaling $1,043.27, to account for the full six weeks and one day that Mission was entitled to claim the exemption. See IRS Notice 2006-106, 2006-49 I.R.B. 1033, 2006-2 C.B., 2006 WL 3473247 (Table 1).

judgment entered prior to appeal. Mission, for its part, does not object to paying costs and interests; however, it requests, without providing any supporting legal authority, that this Court abate any interest on the judgment that may have accrued after the Court's entry of its June 08, 2010 Order because it contacted the IRS in an effort to pay the judgment but was unable to do so.

Upon remand, an inferior court must follow the mandate of the appellate court, including instructions regarding interest amounts. Briggs v. Pennsylvania R. Co., 334 U.S. 304, 306 (1948); see also FED. R. APP. P. 37 (advisory notes). This Court was instructed to recalculate the amount of Mission's liability to the United States. In all other respects, the Fifth Circuit affirmed the Court's earlier Order, which assessed prejudgment and postjudgment interest to the judgment amount.[5] See Judgment, docket entry no. 105. Mission cites no authority for its argument that the interest should be abated from June 8, 2010 to the present, and the Court can find no legal authority to support this position.

---

[5] The Court of Appeals held that Mission waived any objection to the imposition of interest on the judgment amount by not raising their objections prior to appeal. See Mission Primary Care Clinic, 370 Fed. Appx. at 542 n. 3. To the extent that reversal "for recalculation of Mission's liability" is subject to Federal Rule of Appellate Procedure 37(b), the Court interprets this footnote to affirm the Court's assessment of prejudgment and postjudgment interest. In other words, the Court understands this footnote to provide adequate "instructions about the allowance of interest." FED. R. APP. P. 37

Regarding costs awarded to the United States and interest derived therefrom, this circuit follows the majority rule that interest on costs accrues from the date of the judgment that provides the basis for the award, rather than the date on which the Court determines the amount of costs payable. See, e.g., <u>Louisiana Power & Light Co. v. Kellstrom</u>, 50 F.3d 319, 331-32 (5th Cir. 1995); <u>see also</u>, <u>Boehner v. McDermott</u>, 541 F. Supp. 2d 310, 321-22 (D.D.C. 2008) (noting that the Fifth Circuit follows the majority rule). The Court entered its judgment finding Mission liable to the United States on July 13, 2009. Therefore, the Court finds that the costs and interest awarded to the United States *and* the prejudgment and postjudgment interests on the new liability amount should be calculated pursuant to 26 U.S.C. § 6332(d)(1) from July 13, 2009, the date the Court entered its final judgment.

## V. Disposition

After reconsidering the June 8, 2010 Order, the Court finds that it miscalculated the amount Mission may claim as exempt from the IRS levy. Pursuant to the instruction of the Fifth Circuit, Mission's liability to the United States should be reduced by $1,043.27. Accordingly, the Court will enter a separate document amending the amount of Mission's total liability to the United States to $42,157.73.

**IT IS HEREBY ORDERED** that Government's Motion to Reconsider

9

Order and Enter Judgment [**docket entry no. 119**] is **GRANTED.**

The Court will enter an Amended Judgment reducing Mission's liability to the United States to $42,157.73.

**SO ORDERED** on this the 6th day of February, 2012.


_/s/ David Bramlette_____

**UNITED STATES DISTRICT JUDGE**